```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES OF AMERICA                        :
                                                :    1:18-cr-00030-PAC-9
    - against -                                 :
                                                :    OPINION & ORDER
JOSEPH CUCCINIELLO,                             :
         Defendant.                             :
------------------------------------------------------------------------X
```

HONORABLE PAUL A. CROTTY, United States District Judge:

Joseph Cucciniello ("Defendant," "Cucciniello") is a 26-year-old inmate at USP Lewisburg Camp ("Lewisburg") who moves *pro se* for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) on the grounds that "it is only a matter of time" before he contracts COVID-19 in his present environment. The motion is DENIED without prejudice to its renewal should Cucciniello's health or the conditions at his facility materially worsen.

## BACKGROUND

Cucciniello was charged along with ten co-defendants in a single-count indictment (the "Indictment") filed January 16, 2018 that alleged a conspiracy to distribute and possess with intent to distribute one kilogram and more of substances containing heroin and a quantity of mixtures and substances containing a detectable amount of fentanyl in violation of 21 U.S.C. §§ 841(b)(1)(A), (b)(1)(C), and 846 ("Count One"). Dkt. 1, at 1–6. Cucciniello pled guilty to Count One on August 8, 2018 and was sentenced by this Court on November 6, 2019.

The drug-trafficking organization ("DTO") in connection with which Cucciniello was charged obtained narcotics from a supplier in the Bronx, New York and then resold those drugs

in Brooklyn, Staten Island, and New Jersey. Presentence Report ("PSR"), Dkt. 290, ¶¶ 9–10. Cucciniello became involved in the DTO in 2016, aided in the distribution of the narcotics, and was held responsible for distribution of between ten and 30 kilograms of heroin and six grams of fentanyl. *Id.* ¶ 13. The statutory provisions he faced allowed for a prison term of ten years to life, but because he was "safety valve" eligible, the Guidelines set a range of 87 to 108 months, and Probation recommended a sentence of 60 months. *Id.* at 22.

Before imposing sentence, the Court considered Cucciniello's age, his position in the DTO and the sentences imposed on his co-defendants, the gravity of the charge to which he pled guilty, and the steps taken by Cucciniello to reform himself.[1] Sent'g Tr., Dkt. 332, at 12:1–13:20. The Court imposed a sentence of 48 months' imprisonment followed by five years of supervised release. *Id.* at 13:18–20.

## DISCUSSION

### I. Compassionate Release Standard

18 U.S.C. § 3582(c)(1)(A) provides a limited exception to the otherwise general rule that a court may not modify a term of imprisonment once it has been imposed. *United States v.*

---

[1] The Court observed at sentencing:

> Mr. Cucciniello, I note in particular, was a young person when he got involved in this crime. It's his first offense, and he was more involved as an addict than he was as a dealer, and he didn't have any violence—there's no violence here—all of which are positive characteristics.
>
> On the other hand, I have to consider the nature and circumstances of the offense. This is a very serious crime, and the sentence that I impose has to promote respect for the law and has to be a just sentence, sufficient but not greater than necessary to discharge the mandates of 3553(a).

Sent'g Tr., Dkt. 332, at 12:5–14.

*Davis*, 1:14-cr-00296-PAC-1, 2020 WL 5628041, at*2 (S.D.N.Y. Sept. 21, 2020).  That statute provides that a court may reduce a defendant's prison term

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

The court must make a finding that "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i), and in doing so may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring . . . in motions for compassionate release," *United States v. Brooker*, No. 19-3218-CR, 2020 WL 5739712, at *7 (2d Cir. Sept. 25, 2020).  If extraordinary and compelling reasons are present, the court may grant a sentence reduction "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).

## II. Application

### A. Exhaustion

It is now more than 30 days since Cucciniello made his request for compassionate release to his warden, Dkt. 357, at 1, and so he has satisfied 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement.  18 U.S.C. § 3582(c)(1)(A) (stating that a prisoner may bring a motion on his own behalf upon "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility").

### B. Extraordinary and Compelling Reasons

Cucciniello's motion founders however on the statutory requirement that "extraordinary and compelling reasons [that] warrant . . . a reduction" be present. 18 U.S.C. § 3582(c)(1)(A)(i). Even considering "the full slate of extraordinary and compelling reasons that an imprisoned person might bring," *Brooker*, 2020 WL 5739712, at *7, Cucciniello has pointed to no health conditions that put him at special risk of serious illness or death should he contract COVID-19, Dkt. 357, at 5, and he is not in the age categories that are among the most vulnerable. Nor has he demonstrated rehabilitation or that he was subjected to an inordinately long sentence. *Brooker*, 2020 WL 5739712, at *8. There is nothing else in his motion that amounts to an extraordinary and compelling reason warranting a reduction in his sentence.

Instead, Cucciniello can point only to the mere fact of the ongoing COVID-19 pandemic as an extraordinary and compelling reason permitting a discretionary sentence reduction. Dkt. 356, at 3. It is true that some courts before *Brooker* suggested that the COVID-19 pandemic alone could be enough to support a finding of extraordinary and compelling reasons permitting a reduction. *See United States v. Williams-Bethea*, 18-cr-78 (AJN), 2020 WL 2848098, at *4 (S.D.N.Y. June 2, 2020). Many others in the context of the COVID-19 pandemic, including this Court, have looked for some combination of factors that suggest "a genuine need based in medical fact for a reduction in that specific defendant's sentence." *United States v. Kosic*, 18 Cr. 30 (PAC), 2020 WL 3100459, at *2 (S.D.N.Y. June 11, 2020). *See also United States v. Minaya*, 01 CR 619 (VM), 2020 WL 5512518, at *2 (S.D.N.Y. Sept. 14, 2020); *United States v. Mateus*, 14 Cr. 504-1 (KPF), 2020 WL 5096062, at *3 (S.D.N.Y. Aug. 28, 2020); *United States v. Perez*, 04 Cr. 937-1 (NRB), 2020 WL 4677586, at *1 (S.D.N.Y. Aug. 11, 2020); *United States v. Nwankwo*, 12 CR 31 (VM), 2020 WL 2490044, at *1 (S.D.N.Y. May 14, 2020).

There is no reason to think that *Brooker* narrowed the range of discretion courts in the Southern District of New York exercised before that decision. Rather, the Second Circuit in *Brooker* left it to the "sound discretion of the trial court in the first instance" to consider the "factors and . . . their possible relevance, whether in isolation or combination," that may add up to a finding of extraordinary and compelling reasons in an individual defendant's case. *Brooker*, 2020 WL 5739712, at *9. The Court does not find any such factor or combination of factors in Cucciniello's motion.

C.  **Section 3553(a) Factors**

Assuming *arguendo* that extraordinary and compelling reasons warranting a reduction could be found on Cucciniello's motion, he has only served eight months of his imposed 48-month sentence. That sentence was already 12 months below the recommendation from Probation, and well below the 87 to 108 months allowed for by the Guidelines. Granting Cucciniello's motion now would fail to "reflect the seriousness of the offense," "promote respect for the law," and "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a).

## **CONCLUSION**

Cucciniello's motion is DENIED without prejudice to its renewal should his health or conditions at his facility materially worsen. The Clerk of Court is directed to close the motion at Docket 356.

Dated: New York, New York
      October 1, 2020

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copy mailed to:
Joseph Cucciniello
No. 85380-054
USP Lewisburg Camp
P.O. Box 2000
Lewisburg, P.A. 17837